J. H. POWERS, Appellant, v. A. WINTERS *et al.*

INJUNCTIONS: *Continuance.* Code, section 2405, provides that where a continuance of an application for injunction to restrain liquor selling is had at the instance of the defendant, a temporary injunction shall issue. *Held,* that where defendant, at the hearing, elects to take testimony by depositions, thus necessitating a continuance, a temporary injunction does not issue as a matter of right.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 17, 1898.

THE action is in equity by J. H Powers for an injunction to restrain A. Winters and another, defendants, from conducting a saloon, and the petition makes it appear that they are so engaged in violation of law. At the appearance term the defendants answered by a general denial. The following then appears: "New Hampton, Iowa, December 3, 1897. In case No. 2,721, J. H. Powers vs. A. Winters and others, the case was called up by the attorney for the plaintiff, and before the case was reached for trial in the regular order, and attorneys for the defendants elected to have the testimony taken in the form of depositions. It is ordered by the court that the testimony be so taken, and that the case be tried upon depositions, and the case continued by the court on account of the foregoing order. Plaintiff demands that a temporary writ of injunction issue against the defendant on account of the foregoing order. The court refuses to grant the temporary injunction on account of the foregoing order, to which the attorney for the plaintiff excepts. The court states that this term of court will necessarily adjourn to-morrow on account of a term of court which will convene in Fayette county on Monday next, and that on account of lack of time, and the court having other matters to attend to, refuses to have a hearing upon the question of a temporary injunction, upon evidence, on account of lack of time at this term of court. The court states to the attorney for the plaintiff that application for hearing upon a temporary injunction can be presented in vacation at such time as the court is not otherwise engaged, and that it will be passed upon, and time for hearing fixed, at that time. To all of which the plaintiff excepts. A. N. Hobson, Judge." From the order refusing a temporary injunction, the plaintiff appealed. *Affirmed.*

*J. H. Powers, in pro. per.*

*Springer & Clary,* for appellees.

GRANGER, J.—Appellant's claim for a temporary injunction rests on a part of section 2405 of the Code, and we quote part of the section, including the particular provision relied on, as follows: "Whenever a nuisance is kept, maintained or exists, as defined in this chapter, any citizen of the county may maintain an action in equity to perpetually enjoin and abate the same. In such action the court or a judge in vacation, shall upon the presentation of a petition therefor, allow a temporary writ of injunction without bond, if it shall be made to appear to the satisfaction of the court or judge, by evidence in the form of affidavits, depositions, oral testimony or otherwise, as the plaintiff may elect, unless the court or judge, by previous order, shall have directed the form and manner in which it shall be presented, that the nuisance complained of exists. Three days' notice in writing shall be given the defendant of the hearing of the application, and if then continued at his instance, the writ as prayed shall be granted as a matter of course." Appellant's view is that, when defendants elected to take their testimony by deposition, it necessitated a continuance of the cause, and hence the continuance was at their instance; so that, as a matter of right, he was entitled to a temporary injunction. The petition asks for a temporary writ, and that it be made perpetual on final hearing. No other application for a temporary writ was made, nor was the matter of such a writ suggested until after the continuance of the cause, when such a writ was demanded because of the continuance. Appellant states, as the only question in this court, as follows: "Should the court have granted a temporary injunction when the defendant elected to have his testimony taken in the form of depositions, and the court conceded the request?" The depositions to be taken had no reference to an application for a temporary injunction, but to the final trial, involving the right to a permanent injunction. It does not appear that when the order was made that, in effect, continued the cause, the parties contemplated any inquiry into a right to a temporary injunction that was continued, but the cause on its merits. Now, looking to the section, as quoted, and it will be seen that the granting of the temporary writ as a matter of course follows a continuance of an application for a temporary writ. It will be seen that it applied as well to a hearing before a judge in vacation as the court. The language, summarized, is: "In such action the court, or a judge in vacation, shall, upon the presentation thereof, allow a temporary writ of injunction without bond, if it shall be made to appear to the satisfaction of the court or judge * * * that the nuisance complained of exists. Three days' notice in writing shall be given the defendant of the hearing of the application, and, if then continued at his instance, the writ as prayed shall be granted as a matter of course." We think there was no application pending to bring the case within the statute. Judgment is AFFIRMED.